**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ORA SMITH,** | **CIVIL ACTION** |
| | **NO. 23-CV-5654** |
| **PLAINTIFF,** | |
| **VERSUS** | **SECTION L (1)** |
| **AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY,** | |
| **DEFENDANT.** | |

**ORDER**

Before the Court is Defendant American Modern Property and Casualty Insurance Company's Motion to Dismiss pursuant to Rule 12(b)(6). R. Doc. 5. After reviewing the motion, the record, and applicable law, the Court now rules as follows.

**I.       BACKGROUND**

This case arises out of alleged damage to Plaintiff Ora Smith's property located at 311 North 1st Street, Amite, Louisiana, 70422 ("the Property"). State Court Petition, R. Doc. 1-2 at 1. Plaintiff sued Defendant, the Property's insurer, under Policy Number 100537365, filing suit in the 21st Judicial District Court for the Parish of Tangipahoa on August 21, 2023. *Id.* at 1-2. She alleges that upon providing the Defendant with her losses, she was provided an estimate which underreported the damage she incurred and therefore sued under Louisiana's bad faith statutes. *Id.* at 2-3. She argues that she has not received proceeds despite an adequate proof of loss, that she had to hire inspectors and adjusters as a result of Defendant's delay, and that these actions do not

comply with Defendant's obligations under the policy. *Id.* at 3-4. On September 29, 2023, Defendant removed this action to federal court. R. Doc. 1.

Plaintiff had also filed a federal lawsuit with different counsel prior to filing this state lawsuit. *Smith v. American Modern Property and Casualty Insurance Company*, No. 23-cv-3198-EEF-JVM. This earlier federal lawsuit was filed on August 7, 2023 in the Eastern District of Louisiana. Federal Complaint, No. 23-3198, R. Doc. 1. In this earlier suit, Plaintiff alleges damage to the same Property, located at 311 North 1st Street, Amite, Louisiana, 70422, under the same insurance policy, Policy Number 100537365. *Id.* at 2-3. She alleges the same claims in this earlier suit, arguing that Defendant failed to provide adequate proceeds following a proof of loss and that as a result she had to hire independent professionals to evaluate the damage and that Defendant is liable under Louisiana's bad faith statutes. *Id.* at 4-6. Both lawsuits include a breach of contract claim and a bad faith claim. *Id.* at 6-7; State Petition, No. 23-5654, R. Doc. 1-2 at 4-7. Upon removal, the instant action was assigned to another section of this Court but was transferred to this section due to its apparent duplication. *See* Order Transferring Case, No. 23-5654, R. Doc. 7.

Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff's suit, styled No. 23-5654, should be dismissed under the first-to-file rule. R. Doc. 5. The motion was set for submission on November 8, 2023, and the Court has received no response in opposition from Plaintiff.

## II.   LAW AND DISCUSSION

The first-to-file rule "is essentially a forward-looking doctrine" used by courts "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case

*pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999); *see also Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1051-52 (E.D. Pa. 2006) (discussing the history of the first-to-file rule). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P&P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir. 1985)).

Courts deciding whether to apply the first-to-file rule must answer two questions: "(1) are the two pending actions so duplicative or do they involve such substantially similar issues that one court should decide the subject matter of both actions, and if so, (2) which of the two courts should take the case." *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, 451 F. Supp. 2d 843, 845 (S.D. Miss. 2006) (quoting *Datamize, Inc. v. Fidelity Brokerage Servs., LLC*, No. 03-321, 2004 WL 1683171, at *3 (E.D. Tex. Apr. 22, 2004)). In the Fifth Circuit, "[o]nly the first issue is for the second-filed court to decide." *Nabors*, 451 F. Supp. 2d at 845. "[O]nce the second-filed court finds that the issues in the two suits might substantially overlap, the proper course of action is for the court to transfer the case to the first-filed court to determine which case should, in the interest of sound judicial administration and judicial economy, proceed." *Id.* at 846 (internal quotations omitted). Such a transfer is made pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district or division in which it could have been brought." 28 U.S.C. § 1404(a).

Once the first-filed court receives the second-filed action, it may dismiss it if "the issues presented can be resolved in an earlier-filed action." *West Gulf Maritime Ass'n*, 751 F.2d at 729

3

(acknowledging that other circuits permit dismissal of a second-filed action "where the first-filed action presented a 'closely related question'") (quoting *Washington Metropolitan Area Transit Authority v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980); then citing *Bergh v. Washington*, 535 F.2d 505, 506-07 (9th Cir. 1976)). However, a court may decline to apply the first-to-file rule if "compelling circumstances" warrant. *American Security Ins. Co. v. Berry*, No. 01-180, 2002 WL 449065, at *1 (N.D. Miss. Jan. 31, 2002). Notably, the first-to-file rule is inapplicable in situations where one action is pending in federal court and another is pending in state court, however once a state court suit is removed to federal court, the first-to-file rule applies. *See Berry*, 2002 WL 449065, at *1-*2.

The timeline in this matter is clear. On August 7, 2023, Plaintiff filed the first suit in federal court, styled No. 23-3198-EEF-JVM. On August 21, 2023, Plaintiff filed the second suit in state court, which Defendants then removed to federal court, and which presently is styled No. 23-5654-EEF-JVM. The complaint in the first suit and the petition in the second address the same damage to the same property caused by the same hurricane under the same insurance policy. They allege the same causes of action against Defendant – a breach of contract claim and a bad faith claim. As such, the Court finds the first-to-file rule applies and that the issues Plaintiff raises in this instant suit can be satisfactorily adjudicated in the first-filed suit. Accordingly, the Court GRANTS Defendant's Motion to Dismiss.

New Orleans, Louisiana, this 6th day of November, 2023.

_____
United States District Judge